Filed 12/14/21  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059572 |
| v. | (Super. Ct. No. FWV035340) |
| TERRYANCE ACEY SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Ingrid Adamson Uhler, Judge.  Reversed and remanded with instructions.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Terryance Acey Smith argues the trial court violated his constitutional rights by ruling there was good cause to sentence him in his absence due to the Covid-19 pandemic. We agree and remand the matter for a new resentencing hearing at which Smith is present unless he waives his presence in accordance with Penal Code section 1193.[1]

FACTS

"In 2006, a jury convicted Smith of 33 felony counts: 13 counts of robbery (§ 211), 14 counts of false imprisonment (§ 236), and six counts of dissuading a witness (§ 136.1, subd. (c)(1)). As to all the counts, the jury found true Smith was a principal armed with a firearm under section 12022, subdivision (a)(1). At a bench trial, the trial court found all the strike prior allegations to be true. The trial court sentenced Smith to an indeterminate life sentence of 380 years and 8 months. (See *People v. Smith* (Dec. 29, 2008, G040872) [nonpub opn.].)" (*People v. Smith* (Jan. 15, 2016, G050533) [nonpub. opn.] (*Smith II*).)

"In 2014, Smith filed a petition for recall of sentencing and request for resentencing under section 1170.126. The trial court denied the petition, reasoning section 1170.126 did not apply and Smith was ineligible for resentencing because his current convictions for robbery were both serious and violent felonies (§§ 667.5, subd. (c)(9) [robbery], 1192.7, subd. (c)(19) [robbery]])." (*Smith II, supra*, G050533.) Smith appealed the court's denial of his petition, and in 2016, a different panel of this court concluded Smith was not ineligible for resentencing and reversed and remanded the matter for further proceedings. Specifically, we remanded and instructed "[t]he trial court must first decide the threshold question whether Smith is eligible for resentencing." (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

In August 2019, Smith filed a petition for writ of habeas corpus in the trial court, arguing in part: (1) that his sentence should be modified because this court reversed the denial of his petition for resentencing under section 1170.126 and remanded the case for further proceedings; and (2) that he was entitled to resentencing under the California Supreme Court's decision in *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*) because he was serving indeterminate sentences under the three strikes law and two of his prior strike convictions were based on the same criminal act. The court first denied the petition, but then reconsidered and granted it.

The first judge to consider Smith's petition for writ of habeas corpus, Judge Gregory S. Tavill, rejected Smith's "strike claim," in an order filed on September 19, 2019. It stated, "The trial court found four prior adjudications in a single juvenile case in Sacramento were strike priors and sentenced petitioner to 380 years and 8 months to life in prison. [fn. omitted.]" The order also noted the petition asserted that "Petitioner should be resentenced under *Vargas* because all of his strikes are based on the same case number and acts . . . ."

The court's order rejected Smith's claim on factual grounds. The court found it "difficult to fathom how these [four prior] convictions were based on the same act against the same victim, and Petitioner did not provide any transcripts, police reports, documentation, or even his own narrative of what occurred. Thus, Petitioner's claim based on *Vargas* is conclusory and [this] ground for relief fails to state a claim for relief by way of habeas corpus."

In July 2020, the case was continued to August, "for presence of the defendant." The court ordered Smith to appear and signed and filed a transportation order. On August 20, 2020, the trial court resentenced Smith in his absence.

On August 20, 2020, prior to resentencing, Judge Ingrid A. Uhler addressed the issue of Smith's absence along with issues relevant to the resentencing. Concerning his absence, the court stated: "We did try to get him transported from the Department of

3

Corrections. Based on the COVID pandemic, the Department of Corrections is not transporting any inmates. [¶] Based on the motion and the fact that, obviously, this is at the benefit or to the benefit of the defendant, I'm going to find good cause to continue in his absence. So we can, obviously, notify the Department of Corrections of the resentencing [*sic*], per his request."

The trial court then reconsidered Smith's petition for habeas corpus on the basis of his claim he should be resentenced because of the *Vargas* decision. The transcript makes clear Judge Uhler based her reconsideration on awareness of facts underlying Smith's prior convictions and the prosecution's concession that those facts indicated "it was one incident involving a single victim." Judge Uhler explained the prosecution, the public defender, and the court exchanged emails on this issue. In those emails, the public defender indicated that based on the prior strike and the decision in *Vargas*, if all prior convictions arose out of a single act against a single victim, it constituted only one strike and not multiple strikes. The prosecution conceded the underlying crime was one incident involving a single victim. The trial court stated, "So for that reason, then, this is going to be considered only as a two-strike case or second strike, not a third strike. [¶] So that does completely change the sentencing. Also, because of 1170.126, I believe, because of the false imprisonment not being a violent or serious felony, I will re-sentence [*sic*] him--because it's no longer a 25-year to life sentence, as well, based on that new enactment." The trial court asserted it had reviewed the original presentence investigation report and all of its "previous rulings and factual findings remain in full force and effect," including denial of a motion to strike the prior convictions under section 1385, for which "the reasons were placed on the record at that time." The court imposed "a total determinate commitment of 42 years, four months . . . ."

4

The Attorney General (AG) concedes Smith's constitutional right to be present at resentencing but insists such error was harmless. We disagree.

The confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution guarantee a criminal defendant's right to be personally present at trial and at all critical stages of the criminal prosecution — that is, at "'"'all stages of the trial where his absence might frustrate the fairness of the proceedings" [citation], or "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'" [Citations.]" (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347 (*Cutting*).) The California Constitution and sections 977 and 1043 similarly guarantee the right to be personally present. (*Id.* at p. 347.)

Sentencing is considered a critical stage of a criminal proceeding. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348.) "[B]ecause the trial court has discretion to reconsider the entire sentence on remand, resentencing is another critical stage. [Citation.]" (*Ibid.*)

In order to waive the federal constitutional right to be present at sentencing, defendants must do so knowingly and intelligently. (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.) A court can rely on trial counsel's representation that a defendant is knowingly absent. (*Cutting*, *supra*, 42 Cal.App.5th at p. 348.) Here, however, the record is devoid of any evidence Smith waived his right to be present and at the resentencing hearing his lawyer did not represent to the court that he had surrendered it.

The AG makes no attempt to argue the constitutional issue, but instead asserts Smith is unable to establish prejudice because he was ineligible for resentencing. The AG first asserts the trial court had no authority to resentence Smith because this court determined in *Smith II*, "The trial court must first decide the threshold question whether Smith is eligible for resentencing." (*Smith II, supra*, G050533.) The AG construes the *Smith II* opinion too narrowly. While we explained the trial court needed to

determine the threshold questions of resentencing eligibility, that did not preclude the trial court from resentencing Smith after it answered that question in the affirmative. That is exactly what occurred. The court determined Smith was eligible to be resentenced and did so. In fact, the AG did not appeal from this decision. We see no error.

The AG also argues the trial court exceeded the remand order to adjudicate Smith's *Vargas* claim. Not so.

The California Constitution grants original jurisdiction in habeas corpus matters to the Supreme Court and to "'the courts of appeal, superior courts, and their judges.' (Cal. Const., art. VI, § 10.)" (*People v. Romero* (1994) 8 Cal.4th 728, 737.) Therefore, the trial court had jurisdiction to address the claim Smith raised under *Vargas* in his petition for writ of habeas corpus. It determined Smith's 1995 strikes "arose out of a single act against a single victim," such that Smith should be resentenced as a single strike defendant. The AG's position on appeal contesting this finding is puzzling because the court commented, in the prosecutor's presence at resentencing, that the prosecution was "conceding [the 1995 crimes were] one incident involving a single victim."

The court also stated e-mails had been exchanged among the court, the prosecutor, and the public defender. The court and the parties agreed "that based on the prior strike and the decision in *People* [*v.*] *Vargas*, 59 Cal.4th 635, if all prior convictions arose out of a single act against a single victim, only one strike and not multiple strikes." The court explained that, "for that reason, then, this is going to be considered only as a two-strike case or second strike, not a third strike." We found no evidence the prosecution objected to any of these findings.

We agree with the AG's general assessment of the law that dismissal of a prior strike conviction is not warranted where "the offender committed more than one act, whether separately or during a continuous course of conduct." (*Vargas*, *supra*, 59 Cal.4th at p. 646.) Here, however, the prosecution conceded the 1995 crimes

6

constituted one incident involving a single victim.  The AG may not now contend otherwise.

The record is clear Judge Uhler reconsidered the factual basis for Smith's *Vargas* claim that he had only one prior strike.  While Judge Tavill had previously found the factual basis lacking, Judge Uhler found the factual basis adequate, apparently based upon additional evidence and in light of the prosecution's concession.  Accordingly, no three strike sentences remained to be considered after Judge Uhler determined "this is going to be considered only as a two-strike case or second strike, not a third strike."  Thus, Judge Uhler impliedly found no issue of disqualification for resentencing under section 1170.126 remained.

Finally, when a defendant qualifies to have a prior strike dismissed under *Vargas*, the trial court must dismiss one of the strikes.  (*Vargas*, *supra*, 59 Cal.4th at pp. 638-640, 645.)  The trial court did not formally dismiss either of Smith's prior strikes.  Therefore, on remand, the trial court is directed to dismiss one of the strikes.

We decline both sides' offers to designate the proper sentence on remand.  Instead, we commit the matter to the sound discretion of the trial court.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

The judgment following resentencing is reversed, and the matter is remanded. The trial court is ordered to conduct a new resentencing hearing at which Smith is present unless he waives his presence in accordance with section 1193. Pursuant to *Vargas*, the court is also instructed to dismiss one of the strikes on remand.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.